**QUEEN CITY LUMBER CO. v REPASY et**

Ohio Appeals, 1st Dist, Hamilton Co

No. 3803. Decided Dec 8, 1930

Hightower, O'Brien & Porter, Cincinnati, for Queen City Lumber Co.

Otto Pfleger, Cincinnati, for Anton Repasy.

W. C. Busch, J. W. Sparrow, C. S. Durr, and A. W. Gordon, Cincinnati, for Cross-petitioners.

HAMILTON, J.

We are of the opinion that the evidence supports the liens.

A casual observation of the building would not equal or outweight the evidence of further work in the way of finishing and pointing up, which was necessary to complete the work. The law does not contemplate the time from the performance of the main work, but from the date of the last furnishing of material and labor, necessary to complete the work. While it is true the furnishing of an insignificant amount of material and labor could not be used to toll the time for filing, there is nothing in the record to show but what the furnishing on the dates claimed was of consequence, and in good faith for the completion of the work.

We, therefore, find and hold that the liens were filed in time.

There is a claim made of a payment to the Queen City Lumber Company of some three or four hundred dollars, which should have been credited on the materials which went into the property in question. However, it appears in the evidence that Cramer, the principal contractor, had a general running account with the Lumber Company, and his check in payment was credited on his general account. There was no request by Cramer to credit it against the materials for the house in question, and that being true, the Lumber Company had a right to credit the payment to his general running account.

There is nothing in the record shown which would require the company to allocate the payment to this particular transaction.

There is some technical question made as to the contents of the notice in the lien of Rusch, the plumber. While on the form in the Rusch affidavit, there is written in the name of the owners, where the name of the principal contractor should have been, and the description is not accurate the Repasys received the notice, and the defect is not sufficient to invalidate the lien.

It is contended that some of the lien claimants' accounts contained extras, which are not in the original contracts, and it is claimed separate liens should have been made for these extras. From the evidence adduced the extras were ordered and used in the building. If these extras were supplied under proper order, certainly they would be part of the account and lienable.

We find, under the evidence, there is just ground for complaint against the heating system, as not being up to contract. The contractor provided for a heating system that would heat the building to seventy degrees in zero weather. That there was trouble with the heating system is clear from the evidence. The lien claimant, The Peck, Hannaford & Peck Company, contending the fault was with the flue and lack of draft, and poor coal or bad firing. An expert heating engineer testified that it was due to the boiler being too small for the area to be heated.

It is therefore apparent that the heating system is not up to the contract. The testimony of an expert heating engineer is that the trouble is due to the lack of the capacity of the boiler. The Peck, Hannaford & Peck Company have indicated their willingness to supply a larger boiler, to comply with the claim of the heating engineer, although insisting they are not at fault.

Our conclusion is, that the Peck, Hannaford & Peck Company should supply the larger boiler, and do whatever is necessary to comply with their contract for the contract price.

A decree may be presented, finding in favor of all the lien claimants, as prayed for, which the exception of the Peck, Hannaford & Peck claim, in the several amounts claimed, and the foreclosure thereof.

The lien claim of the Peck, Hannaford & Peck Company will be retained for further evidence and future consideration.

ROSS, J, concurs.